-IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **RENECIA M. STANLEY,** | CASE NO. 3:26 CV 673 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **JOB & FAMILY SERVICES, et al.,** | |
| | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

## INTRODUCTION

*Pro se* Plaintiff Renecia M. Stanley filed this action against "Job & Family Services," "Snap," and "Child Support." (Doc. 1). Her Complaint is largely incomprehensible. It is composed of random, seemingly unconnected statements. It contains no legal claims and no prayer for relief.

Plaintiff also filed an application to Proceed *In Forma Pauperis*. (Doc. 2). That Application is granted. However, for the reasons set forth below, the Court finds this case must be dismissed pursuant to 28 U.S.C. § 1915(e).

## BACKGROUND

Plaintiff's Complaint is brief. In its entirety it states:

> Complaint against Job & Family Services SNAP & CSEA.
>
> Failure to provide resources after I supplied documentation repeatedly since 09/25.
>
> Was there most recently and received the denial letters. Also have screenshots of my portal for what was sent.
>
> Why is Wisconsin Child Support reporting $89,407.16 – See attachment.

> The integrity of information being disseminated has been trifling Toledo troubles since I've lived here.
>
> It's apparent that these roles were provided based on white privilege definitely not skills, efficiency and knowledge.
>
> Stop projecting and start learning how to properly execute your job!
>
> Filed a complaint and aware that Wisconsin already initiated my enforcement. You all tried to access my records for the IRS. I have a pin and already have federal offset. In speaking to Wisconsin Child support, I was aware I was provided a case worker. I was also provided information for payments received and you all sent it as a tax offset. The IRS has my federal taxes in a non-collectible hold status. SSDI was aware. Toledo illegally intercepted by taxes as retaliation. Again, requesting an audit of my child support to include where each transaction occurred. It was initiated in 02/26 as Ohio has failed to enforce. Several days after my return from Georgia. My case worker is Tiffany Z. in Kenosha County.

(Doc. 1, at 2). The Complaint does not specify any legal claims or the relief Plaintiff seeks.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact, *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Accepted as true,

the factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### DISCUSSION

As an initial matter, Plaintiff's Complaint fails to establish a basis for federal court jurisdiction and fails to meet the minimum pleading requirements. Federal courts are courts of limited jurisdiction and, unlike state trial courts, do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases the Constitution and Congress have empowered them to resolve. *Id.* Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different States." 28 U.S.C. § 1332(a)(1). Plaintiff does not allege the citizenship of any of the parties, and as they are identified in only the most general terms it cannot be determined from the face of the pleading. The second type of federal jurisdiction relies on the presence of a federal question. *See* 28 U.S.C. § 1331. Here, Plaintiff has not alleged any claims. Federal jurisdiction therefore cannot be based on the presence of a federal cause of action. This Court cannot entertain an action over which it lacks jurisdiction.

Furthermore, Federal Civil Procedure Rule 8 requires a plaintiff to submit a short, plain and concise statement of his or her claims and relief. To meet the minimum notice pleading requirements of Rule 8, the Complaint must give the defendants "fair notice of what the plaintiff's legal claims" are and the factual "grounds upon which [they] rest[]." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008) (quoting *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996)). Plaintiff's Complaint does not adequately identify the Defendants, does not contain a coherent statement of facts, and does not contain any suggestion of the legal claims Plaintiff intended to assert. Her Complaint thus fails to meet the minimum pleading requirements of Rule 8. *Iqbal*, 556 U.S. at 678.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that this action be, and the same hereby is, DISMISSED pursuant to 28 U.S.C. § 1915(e); and it is

FURTHER CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: May 6, 2026